FILED
United States Court of Appeals
Tenth Circuit

October 31, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MENG UOY CHANG,

     Plaintiff - Appellant,

v.

DAVID ROUT; HOMEWARD
ALLIANCE INC.; MURPHY
CENTER LLC; WILLIAM EUGENE
GILMORE, JR.,

     Defendants - Appellees.

No. 24-1195
(D.C. No. 1:24-CV-00187-PAB)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON, BACHARACH**, and **McHUGH**, Circuit Judges.
_____

In a federal complaint, the plaintiff must allege a basis for federal jurisdiction. Fed. R. Civ. P. 8(a)(1). So when Mr. Meng Uoy Chang sued, he needed to say in the complaint why jurisdiction existed. Jurisdiction

---

[*]    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and Mr. Chang's appeal brief. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

might exist based either on diversity of citizenship or the presence of a federal question. 28 U.S.C. §§ 1331–32. But the complaint didn't address either possibility.[1]

So the district court ordered Mr. Chang to say why jurisdiction existed. He obtained extra time, and the court again ordered Mr. Chang to say why jurisdiction existed. This time, Mr. Chang did respond, insisting that he had alleged enough in damages to trigger jurisdiction. But he didn't say anything to suggest diversity of citizenship or the presence of a federal question. So the district court dismissed the action without prejudice for lack of jurisdiction.

On appeal, Mr. Chang needed to say why the district court had been wrong in its jurisdictional ruling. *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015). But Mr. Chang hasn't said why the district court was wrong. He does say that he showed the required amount in controversy, but the court didn't dismiss the action based on the amount

---

[1]  For diversity of citizenship, the plaintiff can't share citizenship with any of the defendants. *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). But Mr. Chang stated that he and one of the other defendants were citizens of Colorado. This statement would have defeated diversity jurisdiction irrespective of citizenship for the remaining defendants.

in controversy. Because Mr. Chang hasn't identified a flaw in the ruling, we affirm the dismissal.

Entered for the Court


Robert E. Bacharach
Circuit Judge